UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        No. 21-cr-20665

                                          Hon. Terrence G. Berg

v.

D-2 SAMANTHA CHRISTINE GILLIAM

      Defendants.

## Response to Government's Motion to Revoke Defendant Gilliam's Bond

On February 24, 2022, Defendant, Samantha Gilliam, was charged with one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c) and one count violation of maintaining a drug premise, 21 U.S.C. § 856. Defendant appeared before Magistrate Judge Kimberly G. Altman for an initial appearance on a criminal complaint on March 4, 2022, where she was released on bond with conditions.

One of Mrs. Gilliam's bond conditions ordered her to avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to, her co-defendant, Quiyemabi Summerlin. The Government contends that Mrs. Gilliam has

maintained contact with Mr. Summerlin, a violation of her bond conditions, thus warranting a bond revocation. Due to the nature of Mrs. Gilliam's limited participation in the phone calls, her serious medical condition, and her parental responsibilities, the defense requests that the Court rejects the Government's motion to revoke Mrs. Gilliam's bond.

## Nature of Phone Conversations

Under 18 U.S.C. § 3148(b)(1), the standard for revocation of release requires that there is clear and convincing evidence that Mrs. Gilliam violated a condition of her release and is unlikely to abide by any condition or combination of conditions of release.

The Government acknowledged that the calls between May 12, 2022 to July 10, 2022 were made by Mr. Summerlin, not Mrs. Gilliam. In fact, Ms. Gilliam has taken steps to specifically avoid contact with Mr. Summerlin. In one instance, Mrs. Gilliam continuously ignored Mr. Summerlin's phone calls before he began contacting her at her workplace. She answered the call to tell Mr. Summerlin that they were ordered to avoid contact with one another. Mrs. Gilliam has not made any contact with Mr. Summerlin since being ordered not to, and has repeatedly advised him not to contact her.

Still, the conversations during this period were primarily of personal nature. Mrs. Gilliam and Mr. Summerlin have a long-standing, personal relationship.

Additionally, Mr. Summerlin has played a parental role in Mrs. Gilliam's daughter's life and often speaks of and to her during the calls. Mrs. Gilliam understands that her contact with Mr. Summerlin cannot be content-restricted but is prohibited entirely.

### Medical Condition and Parental Responsibilities

Mrs. Gilliam is currently completing a course of treatment for a serious medical issue. She was recently informed that further surgery is required but has not received a date for the procedure. Revoking Mrs. Gilliam's bond  will create a hardship, both for her continued medical treatment, but also for the Government to provide the medical care she needs. In addition to her treatment schedule, she continues to work full-time and is the sole provider for her children. Mrs. Gilliam is the only financial support that her children have. She does not have any prior criminal history, is gainfully employed, and is not a threat to the public.

### Conclusion

The phone conversations that occurred in violation of Mrs. Gilliam's bond condition were of personal nature, and a bond revocation would create a hardship for Mrs. Gilliam and her family due to her medical condition and parental responsibilities. The Court does not have to revoke Mrs. Gilliam's bond for her to

comply with her bond conditions. She understands the conditions of her release and will continue to avoid contact with Mr. Summerlin.

Thus, the Defense respectfully requests that the Court denies the Government's motion to revoke Defendant Samantha Gilliam's bond.

Respectfully submitted,

*/s/ Maria Mannarino*
Maria Mannarino
Attorney for Defendant Gilliam
500 Griswold, Suite 2450
Detroit, MI 48226
248-761-7347
mmannarino@comcast.net

Dated: October 18, 2022